1  CHRIS BAKER, State Bar No. 181557
   cbaker@bakerlp.com
2  DEBORAH SCHWARTZ, State Bar No. 208934
   dschwartz@bakerlp.com
3  BAKER CURTIS & SCHWARTZ, P.C.
   44 Montgomery Street, Suite 3520
4  San Francisco, CA 94104
   Telephone: (415) 433-1064
5  Fax:  (415) 366-2525

6
   Attorneys for Plaintiff
7  ADRIAN MORRIS

8

9                   IN THE UNITED STATES DISTRICT COURT
10
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12

13  ADRIAN MORRIS, on behalf of herself, the State        Case No. 3:17-cv-06027-WHA
    of California, other aggrieved employees, and all
14  others similarly situated,                            **CLASS, COLLECTIVE  AND PAGA**
                                                          **ACTION**
15                                  Plaintiff,
16          vs.

17  FIDELITY INVESTMENTS, a legal entity of an            **FIRST AMENDED COMPLAINT**
    unknown form, FMR LLC, a Delaware Limited
18  Liability Company, FIDELITY BROKERAGE               **(1) OVERTIME UNDER THE FLSA**
    SERVICES LLC, a Delaware Limited Liability          **(2) OVERTIME UNDER STATE LAW**
19  Company (collectively   "FIDELITY"),                **(2) CALIFORNIA LABOR CODE 226**
                                                        **(3) WAITING TIME PENALTIES**
20                                  Defendants.          **(4) PAGA**
                                                        **(5) UNFAIR BUSINESS PRACTICES**
21
                                                        **DEMAND FOR JURY TRIAL**
22

23

24          Plaintiff Adrian Morris, on behalf of herself, similarly situated former and current

25  employees, aggrieved employees, and the State of California complains as follows:

26                                  **INTRODUCTION**

27          1.      Plaintiff brings this action against Defendants Fidelity Investments, FMR LLC,

28  and Fidelity Brokerage Services LLC (collectively "Fidelity") to recover damages, restitution,

penalties and other appropriate relief.  Specifically, Fidelity does not include all of its non-exempt employees' compensation in calculating the regular rate of pay for overtime purposes under either state of federal law.  Fidelity also does not provide its employees with wage statements that comply with California law, making it exceedingly difficult to determine if Fidelity has paid employees in accordance with the law.  As it turns out, Fidelity has not.

2.      Plaintiff brings this action pursuant to the Fair Labor Standards Act, the California Labor Code, and the relevant IWC wage orders.  Plaintiff files this First Amended Complaint as a matter of right and pursuant to stipulation to also allege claims under the Private Attorneys' General Act.

**PARTIES**

3.      From approximately August 2015 to September 2017, Plaintiff <u>Adrian Morris</u> worked for Fidelity as a Financial Representative at Fidelity's Marin, California Investor Center.

4.      On information and belief, Defendant <u>Fidelity Investments</u> is a privately-held multinational financial services firm.  It has offices in Northern California, including Marin County.  Plaintiff is currently unaware of its legal form.

5.      Among other things, and according to its website, Fidelity Investments (which also goes by Fidelity):

    a.      Provides financial planning and retirement options such as IRAs, annuities, and managed accounts; brokerage and cash management products; college savings accounts; and other financial services for millions of individual investors;

    b.      Works with employers to build benefit programs and provides recordkeeping, investments, and administrative services for employer offerings.

    c.      Provides investment products, brokerage, and trading services to financial firms.

    d.      Provides other asset management services to large financial firms. Among other things, Fidelity has more than $6,000,000,000,000 (trillion) in assets under management.

6.      On information and belief, Fidelity Investments employs more than 40,000

FIRST AMENDED COMPLAINT

employees, thousands of them on an hourly basis.

7.     Fidelity Investments hired and employed Plaintiff.  Plaintiff's offer letter came from Fidelity Investments and the policies that governed the terms and conditions of Plaintiff's employment are identified as "Fidelity Investments" policies.

8.     Defendant FMR LLC is a privately-held multinational financial services firm organized under Delaware law and headquartered in Massachusetts.  FMR has offices in Northern California, including Marin County.  FMR LLC is identified as Plaintiff's employer in Fidelity's offer letter to Plaintiff.  Plaintiff also signed an "employment agreement" with FMR LLC.  FMR LLC describes itself as a "holding company" in its Statement of Information on file with the California Secretary of State.

9.     Defendant Fidelity Brokerage Services LLC is likewise organized under Delaware law and has the same corporate headquarters as FMR LLC.  Fidelity Brokerage Services likewise has offices in Northern California, including Marin County.  Fidelity Brokerage Services LLC appears on Plaintiff's wage statements as her employer.  Moreover, Plaintiff's offer letter from Fidelity Investments stated that she would "join Fidelity Brokerage Services LLC" as a Financial Representative.

10.    Defendants are an integrated enterprise, single employer, and/or joint employers of Plaintiff and the putative class members.  On information and belief, all of the Defendants are headquartered in the same address in Boston, Massachusetts; Defendants have interlocking directors/members and executives; and Defendants exercise common control over labor relations.

11.    At all times mentioned herein, Defendants were the agents or representatives of each other defendant and were acting with the knowledge and consent of each other defendant and within the purpose and scope of such agency or representation in doing or failing to do the things alleged in this complaint.

## JURISDICTION & VENUE

12.    This Court has jurisdiction over Plaintiff's claims.  Plaintiff seeks relief under the Fair Labor Standards Act as well as state law.

13.     The Northern District of California is the appropriate venue for this case. Defendants do business in the Northern District of California and Plaintiff resides in the Northern District of California.

**GENERAL PURPOSE OF OVERTIME LAWS**

14.     Federal and California law requires premium pay for overtime work.  By increasing the cost of overtime, these laws: (1) discourage employers from requiring employees to work long hours (because of the increased cost of such hours); and (2) encourage employers to decrease unemployment by hiring more employees.

15.     When employers unlawfully underpay their employees – by failing to include all compensation when computing an employee's overtime rate of pay, for example – they violate these laws and frustrate their express purpose.  By unlawfully reducing employees' overtime rate, employers reduce the cost of requiring employees to work long hours and employers limit their need to hire additional employees.

16.     This is what Fidelity has done here.

**FIDELITY'S COMPENSATION TO NON-EXEMPT EMPLOYEES**

17.     On July 15, 2015, Fidelity offered Plaintiff a job as a "Financial Representative." This was a non-exempt role.  Plaintiff was initially paid $45,000 a year.  Her hourly wage was $21.634615 an hour.  Plaintiff was paid every other week.  Like other Fidelity non-exempt employees, Plaintiff regularly worked overtime, which was recorded on her wage statements.

18.     In an effort to compete for and retain its non-exempt employees, Fidelity provides them with certain compensation in an addition to an hourly wage.  More specifically:

*Bonuses & Base Comp Retro*

19.     Fidelity pays its non-exempt employees at least two types of bonuses that are specifically identified on their wage statements as (1) "Bonus Elig – NAJ" and (2) "PrYr BonEli-OT-Retro."  Fidelity also pays its employees something called "Base Comp – Retro."

20.     "PrYr BonEli – NAJ" is apparently earned once a year and paid three (or more) pay periods after it is earned.  With respect to Plaintiff, for example, and according to her wage statements, she supposedly earned and was paid the "PrYr BonEli – NAJ' bonuses on the

following schedule:

| AMOUNT | TIME FRAME SUPPOSEDLY EARNED | DATE PAID |
|--------|------------------------------|-----------|
| $850 | 9.21.15 to 12.27.16 | 2.26.16 |
| $1100 | 9.19.16 to 1.08.17 | 2.24.17 |

21.   Similarly, "Bonus Elig – NAJ" is apparently earned two times a year and also paid three or more pay periods after it is earned.  With respect to Plaintiff, for example, and according to her wage statements, she supposedly earned and was paid the "Bonus Elig – NAJ" bonuses on the following schedule:

| AMOUNT | TIME FRAME SUPPOSEDLY EARNED | DATE PAID |
|--------|------------------------------|-----------|
| $250 | 8.25.15 to 10.04.15 | 12.04.15 |
| $950 | 12.14.15 to 4.03.16 | 6.03.16 |
| $950 | 6.13.16 to 10.02.16 | 12.02.16 |
| $1200 | 12.26.16 – 4.02.17 | 6.02.17 |

22.   Finally, "Base Comp-Retro" is, according to Fidelity's wage statements, paid more than two weeks after it is earned.  With respect to Plaintiff, for example, she supposedly earned and was paid the "Base Comp Retro" in part on the following schedule:

| AMOUNT | TIME FRAME SUPPOSEDLY EARNED | DATE PAID |
|--------|------------------------------|-----------|
| $156.85 | 11.30.15 to 12.13.15 | 12.31.15 |
| $13.22 | 10.03.16 to 10.16.15 | 11.04.16 |

- 5 -

FIRST AMENDED COMPLAINT

23.    Fidelity does not consistently pay overtime on "Base Comp Retro" pay.

24.    Fidelity does purport to pay "retroactive" overtime compensation for bonuses and, occasionally, base compensation retro pay.  In violation of Labor Code §§ 204 and 226, however, Fidelity's wage statements fail to set forth the applicable bonus/base comp. hourly rate in effect during the pay period in which the "retroactive" overtime was earned.  The wage statements also fail to set forth the number of hours worked at each bonus/base comp. hourly rate for the "retroactive" overtime.  By refusing to provide this information on its wage statements, Fidelity hides the fact that it is not paying employees the proper overtime rate on their bonus and base compensation retro pay.

25.    For example, according to Plaintiff's wage statements, the "Bonus Elig – NAJ" bonus, the "PrYr BonEli – NAJ" bonus, and the Base Comp. Retro pay have overlapping time frames.  However, the total compensation earned during these overlapping time frames was not included in calculating the regular rate of pay for overtime purposes.

26.    Even ignoring Fidelity's failure to include bonus and base compensation retro pay earned during overlapping time frames in Plaintiff's overtime rate of pay, Fidelity still underpays bonus overtime compensation to its employees in violation of accepted formula for calculating such overtime.

*Student Loan Repayments*

27.    Another form of compensation that Fidelity pays to its non-exempt employees is student loan repayments pursuant to its "Step Ahead Student Loan Program."  Through this program, Fidelity pays up to $2,000 a year towards its employees' student loans.

28.    In order to be eligible for this program, employees must work for Fidelity for more than six months, must work more than 20 hours a week, and they must have a satisfactory work performance.  According to Fidelity, more than 5,000 of its employees participate in this program.

29.    Plaintiff was eligible for this program and participated in it.  Fidelity paid $166.67 towards Plaintiff's student loans every month.  The entire amount of these monthly payments was imputed to Plaintiff as wages on her wage statements

FIRST AMENDED COMPLAINT

30.     Fidelity does not include student loan repayments in calculating the regular rate of pay for overtime purposes for its non-exempt employees.  In this way, Fidelity reduces the cost of overtime in violation of federal and state law.

*Fitness Reimbursements*

31.     Another form of compensation that Fidelity pays to its non-exempt employees is so-called "fitness reimbursements" pursuant to its "Fitness Reimbursement Program."  Under this program, Fidelity will "reimburse" employees up to $300 a year for things such as their own or their spouse's gym memberships, home exercise equipment, or Garmin watches.

32.     In order to be eligible for the Fitness Reimbursement program, employees must work for Fidelity for more than six months and must work more than 20 hours a week.  They will only receive the reimbursement if they are actively working.

33.     Plaintiff was eligible for this program and participated in it.  She received "fitness reimbursements' from Fidelity in 2016 and 2017.  The entire amount of this fitness reimbursement was imputed to Plaintiff as wages on her wage statements

34.     Fidelity does not include fitness reimbursements in calculating the regular rate of pay of non-exempt employees for overtime purposes.  In this way as well, Fidelity reduces the cost of overtime in violation of federal and state law.

**PAID SICK LEAVE INFORMATION**

35.     Under California Labor Code § 246, California employees are entitled to paid sick leave.  An employer can satisfy the requirements of Labor Code § 246 through a paid time off (or "PTO") policy that satisfies certain requirements.  Fidelity provides its employees with PTO.

36.     California Labor Code § 246(i) further requires employers to provide:

> [A]n employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statements described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages.

1      37.    Fidelity does not provide the notice required by Labor Code § 246(i) to its

California-based employees, including Plaintiff.  This violation is not isolated or unintentional.  It

is systematic.

### PLAINTIFF'S SEPARATION FROM FIDELITY

38.    In September 2017, Plaintiff separated from Fidelity.  Upon her separation,

Fidelity – willfully -- did not pay her all wages owed.  Among other things, and as detailed above,

it did not include all her overtime.

39.    Moreover, upon her separation, Plaintiff was harmed by Fidelity's failure to

comply with Labor Code § 246(i).  Upon ending her employment, Fidelity advised her that *she*

supposedly owed *it* money for taking too much PTO.  Moreover, because Plaintiff had received a

raise from Fidelity, Fidelity claimed that *she* owed *it* money at the increased PTO rate, even

though she was paid a lesser amount when she (supposedly) took the PTO.

40.    Had Fidelity provided PTO information to Plaintiff on a timely or ongoing basis,

as required by Labor Code § 246(i), she would have been in a position to challenge this claim.  In

the alternative, she could have arranged her PTO so that she did not allegedly "fall into arrears"

with Fidelity.

### PAGA EXHAUSTION

41.    On October 20, 2017, Plaintiff filed a Private Attorneys General Act ("PAGA")

notice with the Labor Workforce and Development Agency ("LWDA").  This notice, which is

attached as Exhibit A, also included a copy of the original complaint in this matter.  To date,

Plaintiff has heard no response from the LWDA with respect to this notice.

### COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiff brings her First Cause of Action for violation of the FLSA as a

nationwide collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The

collective action is brought on behalf of herself and all former and current non-exempt employees

of Fidelity who file consents to join this collective action, and:

FIRST AMENDED COMPLAINT

a.      Whose overtime rate of pay was miscalculated because it failed to accurately calculate and/or include all bonus compensation or base pay retro compensation;

b.      Whose overtime rate of pay was miscalculated because it did not include student loan repayments;

c.      Whose overtime rate of pay was miscalculated because it did not include fitness reimbursements; and/or

d.      Whose overtime rate of pay was miscalculated because it did not include other compensation in the rate of pay calculation as required by the FLSA.

(The "Nationwide FLSA Collection Plaintiffs.")

43.     Plaintiff and the Nationwide FLSA Collective Plaintiffs are similarly situated in that they are subject to Fidelity's common practice and policy of failing to include required amounts in calculating their rate of pay for overtime purposes and miscalculating bonus and base compensation retro overtime pay.

44.     The First Cause of Action for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiff's claims are substantially similar to the claims of the Nationwide FLSA Collective Plaintiffs.

45.     The names and addresses of the Nationwide FLSA Collective Plaintiffs are available from Fidelity, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail and email to the last address known to their employer(s) as soon as possible.

46.     Attached to this Complaint is the consent to sue signed by Plaintiff pursuant to 29 USC § 203.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings her other causes of action on behalf of the following California Class pursuant to Federal Rule of Civil Procedure 23.

**The Class**

48.     All California-based current and former employees whom Fidelity classified as "non-exempt," who worked overtime, and who were paid bonuses, base compensation retro, student loan repayments, and/or fitness reimbursements.

**The Subclass**

49.     All California-based former employees of Fidelity who otherwise meet the definition of the Class.

50.     Plaintiff reserves the right to refine the definition of the proposed Class based on further investigation and discovery.

51.     Plaintiff's claims should be resolved on a class-wide basis, and there is a well-defined community of interest with respect to the litigation.

52.     The Class is sufficiently numerous and joinder of all putative class members is impracticable.

53.     The Class is ascertainable.

54.     Plaintiff's claims are typical and/or similar to the claims of the Class she seeks to represent.

55.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff does not have interests which are adverse to the interests of absent class members.

56.     Class counsel is experienced, qualified and capable.  They have litigated numerous class and collective action cases.

57.     There are common questions of law and fact.  These include:

a.     Did Fidelity accurately calculate the Class's regular rate of pay in purporting to pay overtime on non-discretionary bonuses and base compensation retro pay?

b.     Must Fidelity's student loan repayments for employees be included in the regular rate of pay for overtime purposes?

c.     Must Fidelity's fitness reimbursement payments to employees be included in the regular rate of pay for overtime purposes?

1    d.    Was Fidelity's conduct willful and/or lack good faith?

2    e.    Did Fidelity's wage statements allow the Class to promptly and easily

3    determine, from the wage statements alone, their total hours worked and/or all applicable

4    hourly rates in effect during the pay period and the corresponding number of hours worked

5    at each hourly rate?

6    f.    Did Fidelity's wage statements violate the California Labor Code?

7    b.    Was Fidelity's conduct in failing to pay the Class all wages owed at the

8    time of separation willful?

9    58.    A class action is the superior way of resolving these claims.  Class treatment will

10   permit a large number of similarly situated persons to prosecute their claims in a single forum,

11   without unnecessary duplication, and without fear of retaliation.  The cost to the court system of

12   individualized litigation would be substantial.

13   **FIRST CAUSE OF ACTION**

14   **OVERTIME**
     **ON BEHALF OF**
15   **PLAINTIFF AND THE NATIONWIDE COLLECTIVE PLAINTIFFS**

16   59.    Plaintiff incorporates paragraphs 1 through 58 of this Complaint as if fully set

17   forth here.

18   60.    At all relevant times, Fidelity has been, and continue to be, an enterprise engaged

19   in interstate commerce and/or in the production of goods for commerce with the meaning of 29

20   U.S.C. § 203.

21   61.    The FLSA requires employers to include all applicable compensation in

22   calculating an employee's rate of pay for overtime purposes.

23   62.    Fidelity did not include all applicable compensation in calculating its employees'

24   rate of pay for overtime purposes.

25   63.    The FLSA requires employers to calculate the regular rate of pay based on

26   amounts earned while the overtime is being worked.

27   64.    Fidelity did not calculate the overtime rate of pay for Plaintiff and other FLSA

28   Collective Action Plaintiffs based on amounts earned while the overtime was being worked.

65.     Fidelity knew or should have known of its violations of the law.  Fidelity's conduct was willful and neither in good faith nor with a reasonable belief that it was complying with the law.

66.     Plaintiff and the Nationwide FLSA Collective Action Plaintiffs were harmed as a result.  They did not receive all the wages to which they were entitled.

## SECOND CAUSE OF ACTION

### OVERTIME
### ON BEHALF OF
### THE CLASS

67.     Plaintiff incorporates paragraphs 1 through 66 of this Complaint as if fully set forth here.

68.     Under California law, employers must pay employees overtime based upon their regular rate of pay for time worked in excess of 8 hours in a day.

69.     Fidelity did not include required compensation in calculating the overtime rate of Plaintiff or the Class.  Defendants also miscalculated Plaintiff's and the Class's overtime rates when they did include such compensation.

70.     Fidelity's conduct was willful and not done in good faith.

71.     Plaintiff and the Class were harmed as a result.  They did not receive all the wages to which they were entitled.

## THIRD CAUSE OF ACTION

### LABOR CODE § 226
### ON BEHALF OF
### THE CLASS

72.     Plaintiff incorporates paragraphs 1 through 71 of this Complaint as if fully set forth here.

73.     Under California law, an employer must provide employees with an accurate wage statement.  Among other things, the wage statement must include the gross wages earned, the total hours worked, and the wage rate worked for each hour.  An employee suffers injury when this law is violated if the employee cannot (among other things) easily determine from the wage

- 12 -

statement the gross or net wages paid or earned, the hours worked, or the applicate hourly rates. The penalties for violating this law are set by statute.  See California Labor Code sections 226.

74.     As set forth above, Fidelity knowingly and intentionally failed to provide Plaintiff and the Class with accurate wage statements.

75.     Plaintiff and the Class suffered injury as a result of Fidelity's conduct.

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### ON BEHALF OF
### THE SUBCLASS

76.     Plaintiff incorporates paragraphs 1 through 75 of this Complaint as if fully set forth here.

77.     Under California law, an employer must pay an employee all wages due upon termination or resignation.  The willful failure to do so results in waiting time penalties equal to 30 days of an employee's wage.  See Labor Code section 203.

78.     Fidelity did not pay Plaintiff and other members of the Subclass all wages due and owing upon their separation from Fidelity's employ.

79.     This conduct by Fidelity was willful.  It knew or should have known of the overtime wages incurred and not paid to Plaintiff and the Subclass.

80.     As a result, Fidelity is liable to Plaintiff and the Subclass for waiting time penalties.

## FIFTH CAUSE OF ACTION

### PAGA
### ON BEHALF OF THE STATE OF CALIFORNIA
### AND ALL AGGRIEVED EMPLOYEES

81.     Plaintiff incorporates paragraphs 1 through 80 of this Complaint as if fully set forth here.

82.     California law provides for certain civil and administrative penalties for an employer's failure to comply with the California Labor Code.  Fidelity does not comply with the California Labor Code as follows:

a.      Fidelity does not pay employees all compensation earned on a timely basis. Among other things, Fidelity pays bonuses and other compensation weeks or months after the bonuses and compensation are earned.  Fidelity's conduct in this regard violates Labor Code § 204.

b.      Fidelity does not pay employees all compensation earned upon their separation from Fidelity.  Fidelity's conduct in this regard violates Labor Code §§ 201, 202, and 203.

c.      Fidelity does not pay employees overtime at the appropriate rate of pay in violation of applicable IWC wage orders and Labor Code §§ 510, 558, and 1194.

d.      Fidelity does not provide accurate wage statements to employees.  Among other things, the wage statements do not include the appropriate overtime rate.  The wage statements also do not include the applicable bonus/base comp. hourly rate in effect during the pay period in which "retroactive" overtime is earned.  The wage statements also fail to set forth the number of hours worked at each bonus/base comp. hourly rate for the "retroactive" overtime.   These are violation of Labor Code §§ 204 and 226.

e.      Fidelity does not provide employees with wage statements or another writing on the designated pay date that provides notice of the amount of paid sick leave or paid time off leave available.  This is a violation of Labor Code § 246.

83.      Plaintiff was harmed by Fidelity's Labor Code violations.

84.      Plaintiff, on behalf of herself, the State, and all other aggrieved employees, seeks the civil and administrative penalties provided by Labor Code §§ 210, 226, 226.3, 248.5, 510, 558, and 2699.

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES
### ON BEHALF OF THE CLASSES

85.      Plaintiff incorporates paragraphs 1 through 84 of this Complaint as if fully set forth here.

86.     California law prohibits any unlawful, unfair, or fraudulent business practice.  See California Business and Professions Code section 17200.

87.     Through its actions (as described above), Fidelity has violated a variety of California and federal wage and hour laws, including the California Labor Code and the FLSA. Plaintiff and the Class have been harmed by Fidelity's conduct.  They have not been paid all wages earned.  They have not been paid on a timely basis.  They are entitled to restitution and an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays individually and on behalf of other persons similarly situated, for judgment against Defendants as follows:

1.     An Order that this action may proceed on a collective and class-wide basis;

2.     Appropriate injunctive relief, including restitution and change to Fidelity's pay practices;

3.     An award of reasonable attorneys' fees and costs;

4.     Damages in the form of statutory penalties, unpaid wages, and other damages, according to proof;

5.     Civil and administrative penalties.

6.     Pre-judgment and post-judgment interest as provided by law; and

7.     Such other and further relief that the Court may deem just and proper.

Dated:  February 21, 2018             BAKER CURTIS & SCHWARTZ, P.C.


                                     By:   /S/ Chris Baker
                                           Chris Baker
                                           Attorneys for Plaintiff
                                           ADRIAN MORRIS

///

///

///

- 15 -

1

## <u>JURY TRIAL DEMAND</u>

2

    Plaintiff hereby demands a trial by jury.

3

4

Dated:  February 21, 2018            BAKER CURTIS & SCHWARTZ, P.C.

5

6

7

                           By:   /S/ Chris Baker

8

                                Chris Baker
                                Attorneys for Plaintiff

9

                                ADRIAN MORRIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

**Exhibit A (without attachment)**



**BAKER CURTIS &
SCHWARTZ** PC

Chris Baker
44 Montgomery Street
Suite 3520
San Francisco, CA 94104
tel. (415) 433-1064
cbaker@bakerlp.com
www.bakerlp.com

October 20, 2017

**Via On Line**

Labor & Workforce Development Agency
Attn. PAGA Administrator
*http://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html*

**Via Certified Mail**

Peter Stahl
Fidelity Investments
245 Summer Street, MZ ZW9A
Boston, MA 02210

Peter Stahl
FMR LLC
200 Seaport Blvd., ZW9A
Boston, MA 02210

Peter Stahl
Fidelity Brokerage Services LLC
245 Summer Street, MZ ZW9A
Boston, MA 02210

  RE:  *Request For Relief Under the Private Attorney General's Act*

Dear LWDA and Employers:

  I represent Adrian Morris, a former employee of Fidelity Investments, FMR LLC, and/or Fidelity Brokerage Services LLC (collectively "Fidelity"). Plaintiff is an "aggrieved employee" under California Labor Code section 2699 *et seq.* The purpose of this letter is to provide notice to the LWDA and her employers.

LWDA
Fidelity
October 20, 2017
Page 2

Plaintiff seeks to represent herself and other current and former employees with respect to violations of the California Labor Code pursuant to Labor Code section 2699 *et seq.* The facts and theories in support of their claims are set forth in the attached Complaint, as well as below.

Specifically (and in addition to the bases set forth in the attached Complaint), Plaintiffs seek penalties based on the following violations of the Labor Code:

1.      Failure to provide prompt payment of wages to employees upon termination and resignation in violation of Labor Code §§ 201, 202, 203;

2.      Failure to provide accurate itemized wage statements to employees in violation of Labor Code §§ 226 and 246;

3.      Failure to pay overtime wages at the appropriate rate of pay in violation of applicable wage orders and Labor Code §§ 510, 558, and 1194;

4.      Failure to pay earned wages bi-weekly on a timely basis in accordance with Labor Code § 204.

With respect to violations of Labor Code § 204, Labor Code § 210 imposes a civil penalty (apart from other penalties) of $100 for each initial violation, and $200 for each subsequent violation, in addition to 25% of the amount unlawfully withheld.

With respect to violations of Labor Code § 226, Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226.

With respect to violations of Labor Code § 246, Labor Code § 248.5 provides an "administrative penalty" of $50, with a cap of $4,000, as well as penalties set forth in Labor Code § 2699.

With respect to violations of Labor Code §§ 510, Labor Code § 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period in addition to an amount equal to the employee's underpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period in addition to an amount equal to the employee's underpaid wages. Plaintiffs seek civil penalties in the amount of unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a)(3), as well as other civil penalties.

Also, Labor Code § 2699 et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per

LWDA
Fidelity
October 20, 2017
Page 3


pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

Thank you for your attention to this matter.

Very truly yours,

Chris Baker