IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADRIAN MORRIS, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

FIDELITY INVESTMENTS, FMR LLC, and FIDELITY BROKERAGE SERVICES LLC,

    Defendants.

No. C 17-06027 WHA

**ORDER GRANTING IN PART MOTION TO DISMISS**

## INTRODUCTION

In this wage-and-hour dispute, defendant moves to dismiss pursuant to FRCP 12(b)(6). For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

From 2015 to 2017, plaintiff Adrian Morris worked as a financial representative for defendant Fidelity Brokerage Services LLC and participated in the company's quarterly-bonus, student-loan-repayment, and fitness-reimbursement programs. According to plaintiff, defendants failed to consider compensation paid under these programs when calculating her pay rate for overtime purposes, and also failed to provide wage statements that complied with California law.

In October 2017, plaintiff initiated this action under the Fair Labor Standards Act and California Labor Code against defendants Fidelity Brokerage Services, Fidelity Investments, and FMR LLC, alleging that defendants jointly employed her and constituted an integrated

enterprise. FMR now moves to dismiss on the ground that plaintiff fails to plead that FMR or Fidelity Investments were plaintiff's employer (Dkt. Nos. 34, 38).

**ANALYSIS**

**1.    DEFENDANT FMR LLC.**

Each of plaintiff's claims for relief can only be brought against her employer. *Futrell v. Payday Cal., Inc.*, 190 Cal. App. 4th 1419, 1428–29 (2010). It is uncontested that Fidelity Brokerage Services was plaintiff's employer. Plaintiff argues that FMR can also be held liable as plaintiff's joint employer.

To determine whether or not a defendant is an employer under the FLSA, our court of appeals applies a four-factor "economic reality" test which considers whether the employer: (1) had the power to hire and fire the employee, (2) supervised and controlled the employee's work schedule or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). Similarly, under California law, courts look to whether a defendant: (i) exercised control over the plaintiff's wages, hours, or working conditions; (ii) suffered or permitted the plaintiff to work; or (iii) engaged her, thereby creating a common law employment relationship. *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).

Here, plaintiff has adequately alleged that FMR was her joint employer under federal and California law. Plaintiff's offer letter explicitly identified FMR as her "employer." Moreover, plaintiff alleges that she signed an employment agreement with FMR. From these facts, it is plausible that FMR both had the power to hire plaintiff and controlled the conditions of plaintiff's work. The complaint accordingly pleads sufficient facts to establish joint employer status under the *Bonnette* factors and the standards set forth in *Martinez*.

FMR cites several decisions, none of which compel a different result. In *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009), our court of appeals found that the plaintiffs — employees of suppliers that sold goods to Wal-Mart — failed to plead facts to support the conclusion that Wal-Mart was also the plaintiffs' employer. Although the plaintiffs

alleged that Wal-Mart contracted *with the suppliers* regarding "common buyer-seller contract terms," these supply contract terms did not constitute an "immediate level of 'day-to-day' control over the supplier's employees so as to create an employment relationship." *Id.* at 683. Here, by contrast, plaintiff and FMR directly entered into an employment agreement and FMR's own documents describe it as plaintiff's employer.

These key factual allegations were also absent in *Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-cv-00225, 2013 WL 4082137 (N.D. Cal. Aug. 9, 2013) (Judge William Orrick), *Orosa v. Therakos, Inc.*, No. 11-cv-2143, 2011 WL 3667485 (N.D. Cal. Aug. 22, 2011) (Judge Edward Chen)*,* and *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974 (N.D. Cal. 2015) (Magistrate Judge Jacqueline Corley), the district court decisions on which FMR primarily relies. In *Johnson*, for example, the plaintiffs were drivers for a mortuary transportation company which would assign the plaintiffs to work with funeral and other end-of-life service providers. Although the service-provider defendants had promulgated policies for the drivers to follow, the allegations in the complaint demonstrated that the defendants "plainly [had] no hiring authority." Here, by contrast, plaintiff's employment offer letter specifically stated that FMR was her employer.

Citing *Dianda v. PDEI, Inc.*, 377 F. App'x. 676 (9th Cir. 2010), FMR argues that labels in employment forms are insufficient to establish an employer-employee relationship. *Dianda*, however, did not address factual allegations at the pleading stage but instead upheld a dismissal on summary judgment. Our court of appeals explained that "[t]he parties' label is not dispositive and will be ignored *if their actual conduct establishes a different relationship.*" *Id*. at 678 (emphasis added). Although the plaintiff's pay stub and W-2 form identified the defendant as the plaintiff's employer, *Dianda* concluded that the plaintiff failed to establish an employment relationship because the plaintiff had admitted that the defendant did not tell him how to do his job, did not hire or terminate him, and never communicated with him in any way. *Ibid*. *Dianda* accordingly does not stand for the proposition that courts should always turn a blind eye to how a defendant characterizes itself in its own documents. Rather, it instructs that labels should be ignored *if* the economic reality of the parties' relationship contradicts that label. Given the early

3

stage of these proceedings, where the allegations in the complaint must be accepted as true, FMR's reliance on *Dianda* is misplaced.

This order recognizes that the "economic reality" of an employment situation determines whether an employer-employee relationship exists. On summary judgment or at trial, the fact that FMR held itself out as plaintiff's "employer" will not carry the day if FMR establishes a different relationship. Today, however, we are only at the pleading stage. Importantly, this is not a situation in which a plaintiff merely placed her own label on the parties' relationship. Where a defendant has signed a letter specifically naming itself as the plaintiff's employer, and has directly entered into an employment agreement with the plaintiff, factual allegations to that effect sufficiently support a conclusion that the defendant was the plaintiff's employer. On a motion under FRCP 12(b)(6), a defendant in an employment case cannot avoid its own flat-out admission of an employment relationship by imposing a standard of proof that is appropriate on summary judgment. By pleading that FMR held itself out as plaintiff's employer in FMR's own documents, plaintiff can hold FMR to answer. Through discovery, FMR may obtain evidence demonstrating that the descriptions contained in plaintiff's offer letter and employment agreement were merely mistakes. Should such facts arise, FMR may promptly bring a motion for summary judgment. But for now, FMR's motion to dismiss the claims against it is **DENIED**.[1]

### 2. DEFENDANT FIDELITY INVESTMENTS.

Plaintiff does not dispute that "Fidelity Investments" is a licensed trade name and not a legal entity. At the hearing on the motion to dismiss, plaintiff's counsel confirmed that plaintiff only wanted to bring this lawsuit against defendants Fidelity Brokerage Services and FMR. FMR's motion to dismiss Fidelity Investments from this action is accordingly **GRANTED**.[2]

---

[1] At the Court's request, the parties brought copies of plaintiff's offer letter and employment agreement to the hearing on FMR's motion. It is astounding how clearly FMR held itself out as plaintiff's employer in these documents. In any event, this order finds that the facts currently alleged in the complaint adequately show that FMR was plaintiff's employer.

[2] FMR requests judicial notice of two trademark registrations recorded with the United States Patent and Trademark Office (Dkt. No. 39). These documents are public records, the authenticity of which is capable of accurate and ready determination by sources whose accuracy cannot be reasonably questioned. The request is unopposed and is accordingly **GRANTED**.

4

**CONCLUSION**

For the foregoing reasons, FMR's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The claims against Fidelity Investments are dismissed, but FMR remains a defendant in this case.

**IT IS SO ORDERED.**

Dated: June 1, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE