1  CHRIS BAKER, State Bar No. 181557
   cbaker@bakerlp.com
2  DEBORAH SCHWARTZ, State Bar No. 208934
   dschwartz@.bakerlp.com
3  **BAKER CURTIS & SCHWARTZ, P.C.**
4  44 Montgomery Street, Suite 3520
   San Francisco, CA 94104
5  Telephone: (415) 433-1064
   Fax: (415) 366-2525
6  Attorneys for Plaintiff

7
   MARTIN D. BERN (State Bar No. 153203)
8  martin.bern@mto.com
   MALCOLM A. HEINICKE (State Bar No. 194174)
9  malcolm.heinicke@mto.com
   MARJA-LIISA OVERBECK (State Bar No. 261707)
10 mari.overbeck@mto.com
11 **MUNGER, TOLLES & OLSON LLP**
   560 Mission Street
12 Twenty-Seventh Floor
   San Francisco, California 94105-2907
13 Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
14 Attorneys for Defendants

15

16                    UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

18

| 19 | ADRIAN MORRIS, on behalf of herself and all others similarly situated, | Case No. 3:17-cv-06027 |
|---|---|---|
| 20 | | **STIPULATION AND [PROPOSED]** |
| 21 | Plaintiff, | **ORDER CERTIFYING RULE 23 CLASS AND CONDITIONALLY CERTIFYING** |
| 22 | vs. | **FLSA COLLECTIVE ACTION** |
| 23 | FIDELITY INVESTMENTS, a legal entity of an unknown form, FMR, LLC, a Delaware | |
| 24 | limited Liability Company, FIDELITY BROKERAGE SERVICES LLC, a Delaware | |
| 25 | Limited Liability Company (collectively "FIDELITY"), | |
| 26 | | |
| 27 | Defendants. | |

28

Plaintiff Adrian Morris ("Plaintiff") and Defendants Fidelity Brokerage Services LLC ("Fidelity Brokerage Services") and FMR LLC, through their respective counsel of record, stipulate as follows:

**WHEREAS**, the initial complaint in the above-captioned action was filed on October 20, 2017, and, pursuant to a joint stipulation and Order of the Court (*see* ECF Nos. 32, 33), Plaintiff filed the First Amended Complaint ("FAC") on February 21, 2018;

**WHEREAS**, Plaintiff's FAC alleges Defendants failed to pay her earned overtime wages by: (1) miscalculating her regular rate of pay with respect to her "bonus overtime;" (2) failing to include student loan repayments in calculating her regular rate of pay for overtime purposes; and (3) failing to include reimbursement of certain fitness-related expenses in calculating her regular rate of pay for overtime purposes;

**WHEREAS**, Plaintiff's FAC also alleges claims for wage statement violations, both on a derivative basis and also arising from Defendants' failure to include accurate information about hours worked, pay periods at issue, and the hourly rate in effect for bonus overtime payments.

**WHEREAS**, on the above bases and others, Plaintiff's FAC asserts claims for unpaid overtime on behalf a putative national collective action class under the Fair Labor Standards Act ("FLSA");

**WHEREAS**, on the above bases and others, Plaintiff's FAC asserts claims for unpaid overtime and wage statement violations under the California Labor Code and via California Business and Professions Code section 17200 *et seq.* on behalf of a putative California class under Rule 23 of the Federal Rules of Civil Procedure, as well as a claim for waiting time penalties on behalf of a subclass of former employees who otherwise meet the definition of the putative class;[1]

---

[1] Plaintiff also asserts a representative claim under the Private Attorneys General Act ("PAGA"), which is not relevant to this stipulation, and Fidelity Brokerage Services LLC and FMR LLC reserve their right to contest these claims and the propriety of representative treatment for them.

**WHEREAS**, on April 6, 2018, Fidelity Brokerage Services LLC answered the FAC, and FMR LLC filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking an order from the Court dismissing FMR LLC and Fidelity Investments as named defendants on the grounds that (1) Plaintiff has not alleged sufficient facts averring that FMR LLC was her employer under either federal or California law, and (2) Fidelity Investments is not a legal entity and therefore cannot be sued;

**WHEREAS**, the Parties have produced documents and provided information and data relevant to Plaintiff's claims, the putative Rule 23 class, and the proposed FLSA collective action class, both in response to discovery requests and pursuant to the Parties' meet and confer efforts;

**WHEREAS**, Defendant FMR LLC has stated in verified responses to interrogatories that it did not and does not employ any non-exempt employees in California during the time period relevant to Plaintiff's allegations in this action;

**WHEREAS**, Defendant FMR LLC also has stated in verified responses to interrogatories that the entity to which the trade name "Fidelity Investments" was registered has now merged into FMR LLC;

**WHEREAS**, after the exchange of discovery and information and sharing of analyses, Fidelity Brokerage Services LLC has agreed to stipulate to Rule 23 certification of the class proposed below, subject to Court approval;

**WHEREAS**, Fidelity Brokerage Services LLC has also agreed to stipulate to conditional certification of the FLSA collective class ("Collective") proposed below, again subject to Court approval;

**WHEREAS**, the deadline for Plaintiff to move for Rule 23 class and FLSA conditional certification is June 7, 2018;

**WHEREAS**, through this Stipulation, and the declarations that accompany this Stipulation, Plaintiff hereby seeks class and conditional certification with respect to the class and collective identified below.  If the Court deems this Stipulation insufficient, and upon direction of

the Court, Plaintiff will also file a formal motion for class and collective certification consistent with this Stipulation;

**WHEREAS**, this Stipulation and [Proposed] Order is in no way contingent upon any settlement or proposed settlement, Plaintiff has made no settlement demand, Defendants have made no settlement offer, and the Parties have not discussed settlement terms or settlement ranges;

**WHEREAS**, Plaintiff and Defendants Fidelity Brokerage Services LLC and FMR LLC, have exchanged information—both through discovery and otherwise—concerning potential liability and damages, and this information exchange has informed Plaintiff's evaluation of the case;

**WHEREAS**, the Parties have a Mandatory Settlement Conference scheduled before United States Magistrate Judge Spero on September 5, 2018;

**NOW, THEREFORE**, in light of the foregoing, and following extensive meet and confer efforts, and the exchange of documents, interrogatories, and relevant putative class data, Plaintiff, FMR LLC, and Fidelity Brokerage Services LLC agree as follows:

**STIPULATED FACTS**

1. Plaintiff worked for Fidelity Brokerage Services from August 2015 to September 2017 in California as a Financial Representative. The Parties dispute whether FMR LLC is an integrated enterprise with Fidelity Brokerage Services and/or a joint employer of Plaintiff.

2. Plaintiff was a non-exempt employee. She occasionally worked overtime hours. Other non-exempt employees of Fidelity Brokerage Services also work and worked overtime hours.

**Bonus Compensation & Wage Statements**

3. Fidelity Brokerage Services paid Plaintiff an hourly wage. Fidelity Brokerage Services paid and pays other non-exempt employees an hourly wage.

4. Fidelity Brokerage Services also paid Plaintiff bonus compensation pursuant to a written compensation plan for Financial Representatives, and the bonus plan applicable to Plaintiff did not provide for bonuses paid as a percentage of earnings. Fidelity Brokerage Services also

maintains bonus compensation plans for other non-exempt employees, which do not provide for bonuses paid as a percentage of earnings (collectively, the "Compensation Plans").

5. Under these Compensation Plans, if or when Fidelity Brokerage Services pays non-exempt employees a bonus, it also pays them additional compensation as an overtime premium for hours worked during a specified time period ("bonus overtime adjustment"). When a bonus overtime adjustment is paid, a date range and an amount earned is provided on the wage statement along with information on other payments for the pay period at issue. The wage statements reflecting the bonus overtime adjustment do not include information in the rate and hours columns for the bonus overtime adjustment. An exemplar of the wage statement used by Fidelity Brokerage is attached to the declaration of Adrian Morris as Exhibit A.

6. Under these Compensation Plans, Fidelity Brokerage Services uses the same method of calculation of bonus overtime adjustments for all covered non-exempt employees.

7. Plaintiff contends Fidelity Brokerage Services' method of calculation for paying the bonus overtime adjustments violates California law.[2] Fidelity Brokerage Services disputes this contention.

8. Fidelity Brokerage Services contends that even if it did incorrectly calculate the bonus overtime adjustments for these non-exempt employees, the underlying decision to make a bonus payment under the Compensation Plans is discretionary, and so Fidelity Brokerage Services contends that it had and has no obligation to pay any overtime based on such bonus compensation. Plaintiff disputes these contentions.

9. Plaintiff contends that the wage statements provided to her and the other current and former California employees at issue in this case violate California law because, among other things, they do not provide information required by Labor Code section 226 and certain

---

[2] Based on discovery and analysis, Plaintiff withdraws her FLSA claim based on the method of calculation of overtime premiums for bonuses paid under the Compensation Plans and bonus overtime adjustments in particular. While Plaintiff contends an argument could conceivably be made that Fidelity Brokerage Services' method of calculation of bonus overtime adjustments violates federal law, the likelihood of success is so remote, and the potential damages are so small, that Plaintiff does not consider it responsible to further pursue this claim.

1 information set forth in the wage statements for bonus overtime adjustments is inaccurate in any
2 event. Fidelity Brokerage Services disputes this contention.

3       10. From October 20, 2013 to the present, Fidelity Brokerage Services has employed
4 approximately 538 California-based non-exempt employees, including Plaintiff, who earned bonus
5 compensation pursuant to a Compensation Plan and who also received a bonus overtime
6 adjustment pursuant to Fidelity Brokerage Services' standard method of calculating this overtime.
7 These non-exempt employees also received wage statements similar in form to Plaintiff's wage
8 statements.

### Student Loan Repayments

10       11. Fidelity Brokerage Services also maintains a "Step Ahead Student Loan Program"
11 through which it pays a portion of its employees' student loans. Plaintiff participated in this
12 student loan repayment program and also worked overtime during the time frame in which the
13 loan repayments were paid.

14       12. Fidelity Brokerage Services did not, and does not, include these student loan
15 repayments in calculating the regular rate of pay for overtime purposes for any of its non-exempt
16 employees, including Plaintiff.

17       13. Plaintiff contends that student loan repayments must be included in the regular rate
18 of pay when calculating overtime compensation under both federal and California law. Fidelity
19 Brokerage Services disputes this contention.

20       14. Plaintiff also contends that, when calculating overtime compensation based on the
21 student loan repayments, the applicable work period during which the student loan repayment is
22 earned is on a per month basis. Fidelity Brokerage Services, in addition to disputing that student
23 loan repayments must be included in the regular rate of pay when calculating overtime
24 compensation at all, also disputes that the applicable work period would be monthly, as opposed to
25 the work period in which the loan repayment is made.

26       15. Finally, Plaintiff contends that her wage statements are inaccurate on a derivative
27 basis because of the failure to include loan repayments in the regular rate of pay. Fidelity
28 Brokerage Services disputes this contention as well.

16. From October 20, 2013 to the present, Fidelity Brokerage Services has employed approximately 98 California-based non-exempt employees, including Plaintiff, who received one or more student loan repayments and also worked overtime.

**Fitness Reimbursement Program**

17. Fidelity Brokerage Services also maintains a "Fitness Reimbursement Program" through which it reimburses its employees for specified expenses related to physical fitness. Plaintiff participated in this fitness reimbursement program and also worked overtime during the time frame in which the fitness reimbursement was paid.

18. Fidelity Brokerage Services did not, and does not, include these fitness reimbursements in calculating the regular rate of pay for overtime purposes for any of its non-exempt employees, including Plaintiff.

19. Plaintiff contends that fitness reimbursements must be included in the regular rate of pay when calculating overtime compensation under both federal and California law. Fidelity Brokerage Services disputes this contention.

20. Plaintiff also contends that her wage statements are inaccurate on a derivative basis because of the failure to include fitness reimbursements when calculating the regular rate of pay for overtime purposes. Fidelity Brokerage Services disputes this contention as well.

21. From October 20, 2013 to the present, Fidelity Brokerage Services has employed approximately 197 California-based non-exempt employees, including Plaintiff, who received one or more fitness reimbursements and worked overtime during the pay period in which the reimbursements were paid.

**Former Employees**

22. As noted above, Plaintiff separated from Fidelity Brokerage Services' employ in September 2017. Fidelity Brokerage Services did not make the payments sought by Plaintiff to Plaintiff when her employment terminated. Specifically, upon her separation, Fidelity Brokerage Services did not pay Plaintiff additional wages beyond what she had already been paid during the course of her employment based on a regular rate for overtime pay that took into account: (1) the alleged proper calculation of bonus overtime adjustments; (2) student loan repayments; and/or (3)

fitness reimbursements. Fidelity Brokerage Services has not made the payments sought by Plaintiff to any of its other former employees, and, as explained above, Fidelity Brokerage Services disputes these alleged additional wages are owed.

23. There are at least 180 members of the Rule 23 Class, as defined below, who are now separated from Fidelity Brokerage Services.

**A.     Plaintiff and Fidelity Brokerage Request that the Court Certify the Proposed Class and Subclass Pursuant to Federal Rule of Civil Procedure 23**

Based on the facts and arguments set forth in this Stipulation, the Plaintiff and Fidelity Brokerage Services agree to certification of the following Rule 23 class and subclass and FLSA collective as follows:

**STIPULATED CLASS**

**The Rule 23 Class**

All former and current employees of Fidelity Brokerage Services who, while employed by Fidelity Brokerage Services in California at some point during the period from October 20, 2013 to the present, satisfied the following two conditions: (1) Fidelity Brokerage Services classified them as "non-exempt;" **and** (2)(a) They were paid bonus compensation pursuant to a Compensation Plan and were also paid a bonus overtime adjustment with respect to that bonus compensation; **and/or** (b) They received student loan repayments pursuant to Fidelity Brokerage's Step Ahead Student Loan Program and worked overtime during the month in which a student loan repayment was made; **and/or** (c) They received fitness reimbursements pursuant to Fidelity Brokerage Services' Fitness Reimbursement Program and worked overtime during the pay period in which the fitness reimbursement was paid. (The "Rule 23 Class.")

**The Former Employee Subclass**

All members of the Rule 23 Class whose employment with Fidelity Brokerage Services terminated from October 20, 2014 to the present (The "Former Employee Subclass" or "Subclass").

**STIPULATED APPLICATION OF LAW TO FACTS**

1.     <u>The Rule 23(a) Requirements</u>

24. Rule 23(a) sets forth four requirements for class certification: (1) the class is so numerous that joinder of class members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the class representatives are typical of those of the class (typicality); and (4) the class representatives will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. Proc. 23(a); *Leyva v. Medline Industries Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).

25. Having met and conferred, and for purposes of preserving judicial and party resources, Fidelity Brokerage Services and Plaintiff stipulate that the requirements of Rule 23(a) are satisfied for the Rule 23 Class and Subclass proposed above. More specifically:

(a) **Numerosity**. Rule 23(a)(1) requires that the "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts generally find that numerosity is satisfied if the class includes forty or more members. *See Villalpando v. Exel Direct Inc.*, 303 F.R.D. 588, 605-06 (N.D. Cal. 2014); *In re Facebook, Inc., PPC Adver. Litig.*, 282 F.R.D. 446, 452 (N.D. Cal. 2012). Numerosity is satisfied here because the Rule 23 Class consists of at least 538 employees and the Subclass consists of at least 180 former employees.

(b) **Commonality**. Commonality demands that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, the common question "must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiff and Fidelity Brokerage Services stipulate that commonality is satisfied because the methodology utilized by Fidelity Brokerage Services for calculating overtime with respect to bonuses, and with respect to Student Loan Program and Fitness Reimbursement Program benefits, was applied to all Fidelity Brokerage Services non-exempt employees in California who were eligible to (and did) receive those bonuses or benefits. Fidelity Brokerage Services (1) utilized a common methodology for adjusting non-exempt, bonus-eligible employee regular rates of pay for bonuses (which methodology Plaintiff is challenging as allegedly being in violation of the California Labor Code); (2) had a common practice concerning the treatment of regular rate calculations pertaining

to Student Loan Program payments; (3) had a common practice concerning the treatment of regular rate calculations pertaining to fitness reimbursement payments and (4) had a common practice on information included in wage statements. Additional questions common to the Rule 23 Class are whether the bonuses paid to Fidelity Brokerage Services non-exempt employees were discretionary, whether they were production bonuses that rewarded employees for each hour of work, or flat sum bonuses subject to the California Supreme Court's analysis in *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542 (2018). *See Dalchau v. Fastaff, LLC*, No. 17-CV-01584-WHO, 2018 WL 1709925, at *7 (N.D. Cal. Apr. 9, 2018) (certifying class where all employees who were "eligible to receive housing benefits" were subject to the "same policy of having the value of housing benefits excluded from the regular rate used to calculate overtime. Therefore, there exists at least one common question—whether Fastaff's policy of excluding the value of the housing benefits from the regular rate properly compensates class members pursuant to California law."). The Subclass will also present the common question of whether Fidelity Brokerage Services' conduct in failing to pay all wages allegedly owed at the time of separation was willful. *Amaral v. Cintas Corp. No.* 2, 163 Cal.App.4th 1157, 1201 (2008) ("willful" under Section 203 means the "employer has intentionally failed or refused to perform an act which was required to be done" and need not be "based on deliberate evil purpose"); *Provine v. Office Depot, Inc.*, Case No. C 11-00903 SI, 2012 WL 2711085 *9 (N.D. Cal. July 6, 2012) (certifying waiting time penalty claims stemming from employer's alleged miscalculation of the regular rate of pay).

    (c) **Typicality**. Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted). Plaintiff and Fidelity Brokerage Services stipulate that typicality is satisfied because Plaintiff's

alleged injury—i.e., overtime underpayment due to (1) a methodology that is allegedly incorrect under California law for calculating overtime adjustments based on bonuses, (2) the treatment of regular rate calculations pertaining to Student Loan Program payments; and (3) the treatment of regular rate calculations pertaining to fitness reimbursement payments—is the same alleged injury shared by all members of the Rule 23 Class proposed herein.  Plaintiff's alleged injury and alleged entitlement to statutory penalties with respect to Fidelity Brokerage Services' wage statements is also the same injury and entitlement shared by all members of the Rule 23 Class.  Moreover, Plaintiff is a former employee so her claims are also typical of the Subclass.

(d) **Adequacy**.  To establish adequacy under Rule 23(a)(4), named plaintiffs must show that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks omitted).  Discovery in this matter has revealed no conflicts between the Plaintiff (or her counsel) and the Rule 23 Class and Subclass proposed herein, and Plaintiff has no interests that are antagonistic to those of the other proposed members of the Rule 23 Class or Subclass.  There is no dispute that Plaintiff's counsel is able and experienced in the litigation of claims of this nature.  Additional sworn testimony concerning the adequacy of Plaintiff and Plaintiff's counsel is set forth in the declarations of Adrian Morris and Chris Baker filed in support of this Stipulation.  The parties stipulate to the approval of Baker Curtis & Schwartz, P.C. as Class Counsel and Adrian Morris as the class representative.

2. The Rule 23(b) Requirements

26. Rule 23(b) sets forth three additional, but alternative, requirements, only one of which must be met: (1) that prosecution of separate actions risks either inconsistent adjudications which would establish incompatible standards of conduct for the defendant or would as a practical matter be dispositive of the interests of others; (2) that defendants have acted or refused to act on grounds generally applicable to the class; or (3) that there are common questions of law or fact

that predominate over any individual class member's questions and that a class action is superior to other methods of adjudication.  Fed. R. Civ. Proc. 23(b).

27. Fidelity Brokerage Services and Plaintiff, having met and conferred, and for purposes of preserving judicial and party resources, stipulate that the requirements of Rule 23(b)(2) and (b)(3) are satisfied as to the Rule 23 Class and Subclass proposed herein.

28. <u>F.R.C.P. 23(b)(2).</u>  As set forth above, Fidelity Brokerage Services has acted on grounds generally applicable to the class with respect to: (1) the manner in which it calculates overtime; (2) the information set forth in its wage statements; and (3) the failure to pay the compensation at issue upon an employee's separation from Fidelity Brokerage Services' employ.  The proposed Rule 23 Class and Subclass thus satisfy the requirements of Rule 23(b)(2).

29. <u>F.R.C.P. 23(b)(3).</u>  With respect to predominance under Rule 23(b)(3), courts consider "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  This analysis focuses on the relationship between common and individual issues, i.e., common questions must predominate over any questions affecting only individual members.  *Hanlon*, 150 F.3d at 1022.

(a) **Predominance**.  Fidelity Brokerage Services and Plaintiff stipulate that the following questions are questions of law common to the Rule 23 Class proposed herein that predominate over any individual questions because these legal questions are susceptible to generalized, class-wide proof: (1) whether Fidelity Brokerage Services' methodology for calculating overtime pay on bonuses is compliant with the pertinent provisions of the California Labor Code; (2) whether bonuses paid to the members of the proposed Rule 23 Class were discretionary and whether they were "flat rate" or "production" bonuses as those terms are defined in *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542 (2018); (3) whether Fidelity Brokerage Services' practice concerning the treatment of regular rate calculations pertaining to Student Loan Program payments and fitness reimbursement payments was compliant with the pertinent provisions of the California Labor Code and, if not, what is the proper method for calculating the regular rate of pay for overtime arising from those payments; and (4) whether Fidelity Brokerage Services' wage statements complied with the California Labor Code.  *See*

*Dalchau*, 2018 WL 1709925, at *10 (finding that the "question of whether [the defendant's] policy of excluding the value of the housing benefits from the regular rate properly compensates class members pursuant to California law predominates over any individual questions."); *see also Adoma v. University of Phoenix, Inc.*, 270 F.R.D. 543, 552 (E.D. Cal. 2010) (class issues predominate claim that defendants did not include the value of the tuition benefit in regular rate of pay); *Alonzo v. Maximus, Inc.*, No. 2:08-CV-06755-JST (MANx), 2011 WL 2437444 at *12-13 (C.D. Cal. June 17, 2011) (overtime pay claim based on the alleged miscalculation of the regular rate of pay certified under Rule 23(b)(3)); *Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2016 WL 4073336, at *7 (N.D. Cal. Aug. 1, 2016) (certifying Rule 23 California classes because "common questions about the uniform implementation of employment policies" predominated over "individual questions").

    (b) **Superiority**. Certification under Rule 23(b)(3) requires a showing that class treatment is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Factors relevant to this determination include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.* "A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (internal quotation marks omitted). Fidelity Brokerage Services and Plaintiff stipulate that the following questions are questions of law common to the Rule 23 Class proposed herein and that classwide resolution of these claims is superior to resolution on an individual basis because these legal questions are susceptible to generalized, class-wide proof: (1) whether Fidelity Brokerage Services' methodology for calculating overtime pay on bonuses is compliant with the pertinent provisions of the California Labor Code; (2) whether bonuses paid to the members of the proposed Rule 23 Class were discretionary and whether they were "flat rate" or "production"

bonuses as those terms are defined in *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542 (2018); (3) whether Fidelity Brokerage Services' practice concerning the treatment of regular rate calculations pertaining to Student Loan Program payments and fitness reimbursement payments was compliant with the pertinent provisions of the California Labor Code, and, if not, what is the proper method for calculating the regular rate of pay for overtime arising from those payments; and (4) whether Fidelity Brokerage Services' wage statements complied with California law. *See Provine*, 2012 WL 2711085, at *12 (finding that a class action is superior method of adjudication where "[a]ll of the prospective class claims revolve around a question of law common to all prospective members"). Plaintiff and Fidelity Brokerage Services further note that each class member's individual damages amount is likely to be relatively small. For example, Plaintiff, in her supplemental initial disclosures, preliminarily estimates her individual damages for unpaid overtime wages (not including statutory penalties and civil penalties under PAGA) at less than $1,100 through July 23, 2017. This is another reason that class treatment of this case is superior.

**B.    Plaintiff and Fidelity Brokerage Services Request that the Court Conditionally Certify the Proposed Collective Action Pursuant to 29 U.S.C. § 216(b)**

### STIPULATED COLLECTIVE

30.    Fidelity Brokerage Services and Plaintiff request that the Court conditionally certify the following FLSA collective:

> All United States based former and current employees of Fidelity Brokerage Services from May 31, 2015 to the present, who satisfy the following two conditions: (1) Fidelity Brokerage Services classifies(d) them as "non-exempt;" **and** (2)(a) They received student loan repayments pursuant to Fidelity Brokerage's Step Ahead Student Loan Program and worked overtime during the month in which a student loan repayment was made; **and/or** (b) They received fitness reimbursements pursuant to Fidelity Brokerage Services' Fitness Reimbursement Program and worked overtime during the pay period in which the fitness reimbursement was paid. (The "FLSA Collective" or "Collective.")

### STIPULATED APPLICATION OF LAW TO FACTS

1.    <u>The Conditional Certification Standard</u>

31.     The FLSA authorizes employees to bring a collective action on behalf of themselves "and other employees similarly situated." 29 U.S.C. § 216(b). Although neither the FLSA nor the Ninth Circuit has defined "similarly situated," courts in this circuit generally apply a "two-step approach to determine whether a collective action is proper, involving initial notice to prospective plaintiffs, followed by a final evaluation whether such plaintiffs are similarly situated." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014) (at step one, "courts require little more than substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'") (citation omitted); *Speer v. Cerner Corporation*, No. 14-0204-CV-W-FJG, 2016 WL 1267809, at *8 (W.D. Mo., Mar. 30, 2016) (substantial allegations that employer used pay formulas that excluded forms of additional compensation when calculating the regular rate of pay are sufficient for the first stage of conditional certification proceedings).

    2.     <u>Application of the Conditional Certification Standard</u>

32.     Fidelity Brokerage Services and Plaintiff stipulate that non-exempt Fidelity Brokerage Services employees who are members of the FLSA Collective defined above were subject to common practices concerning (1) the treatment of regular rate calculations pertaining to Student Loan Program payments for overtime purposes, and/or (2) the treatment of regular rate calculations pertaining to Fitness Reimbursement Program payments for overtime purposes. Fidelity Brokerage Services and Plaintiff therefore stipulate that Plaintiff and other members of the stipulated conditionally certified collective action are similarly situated for purposes of 29 U.S.C. § 216(b).

  **C.     Notice to the Class and Collective**

33.     <u>Rule 23 Notice</u>. To avoid the administration cost associated with multiple mailings and to preserve class resources, Plaintiff and Fidelity Brokerage Services stipulate to postpone notice procedures until after the Mandatory Settlement Conference with Magistrate Judge Spero on September 5, 2018. Following that conference, Plaintiff and Fidelity Brokerage Services will meet and confer and submit a proposed notice plan to the Court, either as part of a proposed

settlement, or if no settlement is reached, then pursuant to Rule 23(a)(2) of the Federal Rule of Civil Procedure.

34. <u>Opt-In Notice</u>. To avoid the administration cost associated with multiple mailings and to preserve class resources, Plaintiff and Fidelity Brokerage Services stipulate to postpone notice procedures until after the Mandatory Settlement Conference with Magistrate Judge Spero on September 5, 2018. Following that conference, Plaintiff and Fidelity Brokerage Services will meet and confer and submit a proposed notice plan to the Court, either as part of a proposed settlement, or if no settlement is reached, then pursuant to the FLSA and the pertinent *Hoffman-LaRoche* standard.

### D. Status of Claims Against FMR LLC

35. As noted above, FMR LLC states in verified discovery responses that it employs no non-exempt employees in California. While Plaintiff contends that FMR LLC is either a single or joint employer of Plaintiff and the non-exempt employees admittedly employed by Fidelity Brokerage Services, neither Plaintiff nor the class will be entitled to a double recovery. Accordingly, she believes it sufficient to seek damages and statutory penalties directly from Fidelity Brokerage Services with respect to the non-PAGA Labor Code claims. Accordingly, Plaintiff does not intend to seek, and this stipulation does not seek or provide for, certification of a Rule 23 Class against Defendant FMR LLC.

36. Based on the information available to her and her counsel to date, Plaintiff is not presently seeking conditional certification of her FLSA claims with respect to FMR LLC. Plaintiff reserves the right to seek to obtain conditional certification with respect to FMR LLC on the regular rate claims related student loan and fitness reimbursement at a later date. Fidelity reserves its right to argue that any such effort would be untimely and also that Plaintiff cannot establish the bases for conditional certification with respect to FMR LLC.

### E. <u>Non-Approval of the Stipulation</u>

37. Plaintiff and Fidelity Brokerage Services and FMR LLC have stipulated to facts in paragraphs 1-23 of this Stipulation, and the stipulation to these facts is not contingent on Court approval. In addition, Plaintiff and Fidelity Brokerage Services have stipulated to class and

conditional certification as set forth in this Stipulation and subject to Court approval.  If the Court should for any reason not approve this Stipulation, then the Stipulated Class and the Stipulated Application of Law to Facts set forth in paragraphs 24-36 of this Stipulation shall be binding on neither party.  These paragraphs shall also not be relied upon or referred to for purposes of judicial estoppel or as a party admission as to the appropriateness of class or collective certification. Instead, these paragraphs shall have not force or effect.

DATED:  May 24, 2018

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
    MARTIN D. BERN
    MALCOLM A. HEINICKE
    MARJA-LIISA OVERBECK

By: _*Malcolm A. Heinicke*_
    MALCOLM A. HEINICKE
Attorneys for Defendants Fidelity Brokerage Services LLC and FMR LLC

DATED:  May 24, 2018

Respectfully submitted,

BAKER CURTIS & SCHWARTZ, P.C.
    CHRIS BAKER
    DEBORAH SCHWARTZ

By: _*Chris Baker*_
    CHRIS BAKER
Attorneys for Plaintiff Adrian Morris

1    Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this
2  document has been obtained from each of the above signatories.

                                    By:    *Chris Baker*
                                           CHRIS BAKER

[~~PROPOSED~~] ORDER

For the reasons set forth in the attached stipulation, the Court hereby orders as follows:

**Rule 23 Class**.  Pursuant to Fed. Rule Civ. Pro. 23, the Court hereby certifies the Rule 23 Class and the Former Employee Subclass as defined above and approves Baker Curtis & Schwartz, P.C. as Class Counsel and Adrian Morris as the Class Representative.

**FLSA Collective**.  Pursuant to the FLSA and its pertinent procedures, the Court hereby conditionally certifies the FLSA Collective.

Plaintiff and Fidelity Brokerage Services are directed to provide a joint report to this Court no later than September 19, 2018 on the results of the Mandatory Settlement Conference with Magistrate Judge Spero and a proposal for addressing notice to the Rule 23 Class and the FLSA Collective.

IT IS SO ORDERED.

Date: June 1, 2018.

The Honorable William ~~H.~~ Alsup