CHRIS BAKER (CA Bar No. 181557)
cbaker@bakerlp.com
BAKER CURTIS & SCHWARTZ, P.C.
1 California St., Suite 1250
San Francisco, CA  94111
Tel.: (415) 433-1064; Fax: (415) 366-2525

Attorneys for PLAINTIFF

MALCOLM A. HEINICKE (CA Bar No. 194174)
Malcolm.heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Suite 2700
San Francisco, California 94105
Tel:  (415) 512-4000; Fax:  (415) 512-4077

Attorneys for DEFENDANTS

[*Additional Counsel Listed Below*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MORRIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY INVESTMENTS, a legal entity of an unknown form, FMR, LLC, a Delaware limited Liability Company, FIDELITY BROKERAGE SERVICES LLC, a Delaware Limited Liability Company (collectively "FIDELITY"),<br><br>Defendants.<br><br>CLASS AND COLLECTIVE ACTIONS | Case No. 3:17-cv-06027-WHA<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL RULE 23 CLASS ACTION SETTLEMENT AND SCHEDULING SETTLEMENT HEARING (EXHIBIT 1)** |

**[ADDITIONAL COUNSEL]**

MICHAEL CURTIS (CA Bar No. 252392)
mcurtis@bakerlp.com
1 California St., Suite 1250
San Francisco, CA 94111
San Francisco, CA 94104
Tel.: (415) 433-1064
Fax: (415) 366-2525

Attorneys for PLAINTIFF

MARTIN D. BERN (CA Bar No. 153203)
Martin.bern@mto.com
MARJA-LIISA OVERBECK (CA Bar No. 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Suite 2700
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for DEFENDANTS

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL RULE 23 CLASS ACTION SETTLEMENT AND SCHEDULING SETTLEMENT HEARING

1    The motion of Plaintiff Adrian Morris ("Plaintiff") for an order preliminarily approving a class action and scheduling settlement hearing pursuant to Fed. Rule Civ. Pro., Rule 23, came on for hearing on January 24, 2019.  The Court has considered the Stipulation Re: Settlement of Class and Collective Actions (and its exhibits), the submissions of counsel, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefor, the Court finds as follows:

1.    All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class and Collective Actions executed by the Settling Parties and filed with this Court (the "Stipulation");

2.    Plaintiff and Fidelity Brokerage Services LLC ("Fidelity Brokerage") and FMR LLC ("FMR") (collectively, "Defendants"), through their counsel of record in the Litigation and per the terms of the Stipulation, have reached an agreement to resolve the Litigation and settle all California Released Claims;

3.    Significant investigation and research have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions.  Settlement at this time will avoid substantial costs, delay, and risks that would be presented by further litigation.  The proposed settlement has been reached as a result of serious, informed, and non-collusive negotiations between the parties;

4.    Through Docket Entry No. 51, the Court has already certified the following class pursuant to Rule 23:

///
///
///
///
///
///
///

> All former and current employees of Fidelity Brokerage Services who, while employed by Fidelity Brokerage Services in California at some point during the period from October 20, 2013 to the present, satisfied the following two conditions: (1) Fidelity Brokerage Services classified them as "non-exempt;" **and** (2)(a) They were paid bonus compensation pursuant to a Compensation Plan and were also paid a bonus overtime adjustment with respect to that bonus compensation; **and/or** (b) They received student loan repayments pursuant to Fidelity Brokerage's Step Ahead Student Loan Program and worked overtime during the month in which a student loan repayment was made; **and/or** (c) They received fitness reimbursements pursuant to Fidelity Brokerage Services' Fitness Reimbursement Program and worked overtime during the pay period in which the fitness reimbursement was paid.

The California Class as defined in the Stipulation Re: Settlement of Class and Collective Actions is the same class, and as such, the settlement class has already been and remains certified. (The collective action portion of the Stipulation Re: Settlement of Class and Collective Actions, i.e., the Fair Labor Standards Act or "FLSA" portion of the settlement, is addressed in a separate Order.)

     5.     The parties have presented to the Court for review a Stipulation Re: Settlement of Class and Collective Actions. The Stipulation is within the range of reasonableness and meets the requirements for preliminary approval; and

     6.     The parties also have presented to the Court for review a plan to provide a California Notice to the Members of the California Class which sets out the terms of the settlement and the California Class Members' options including, *inter alia*, their options (i) to opt out of the California Settlement Class, (ii) to remain in the California Settlement Class and elect to be represented by counsel of their choosing, (iii) to object to the terms of the settlement, and/or (iv) to become a California Settlement Class Member. The California Notice will be mailed to all California Class Members at their Last Known Addresses. The plan regarding California Notices proposed by the Settling Parties is the best practical under the circumstances and satisfies pertinent due process requirements and the requirements of Rule 23.

     Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

     1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the California Class

1  settlement portion of the Stipulation is preliminarily approved;

2      2.    Notice of the proposed settlement, and the rights of California Class Members to opt out of the settlement, shall be given by mailing of the California Notice by first class mail, postage prepaid, to all California Class Members pursuant to the applicable provisions in the Stipulation.  Fidelity Brokerage shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

3      3.    Class Counsel shall apply to the Court for an award of reasonable attorney fees and litigation costs and associated expenses, and an enhancement award to Plaintiff, with those awards to be paid from the Qualified Settlement Fund;

4      4.    A hearing shall be held before this Court on [**INSERT DATE**] at [**INSERT TIME**] to consider whether the California Class Settlement should be given final approval by the Court:

    (a)    Plaintiff shall file a motion for final approval of the California Class Settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs and enhancement award on or before the Settlement Hearing Motion Date.

    (b)    Written objections by California Class Members to the proposed California Class Settlement will be considered if received by the Court on or before the date that is thirty-five days after the Settlement Hearing Motion Date, and the parties shall have the opportunity to file a written response to any objections filed by California Class Members, and Class Counsel shall have the opportunity to provide any updated information related to its request for fees, costs, and the Class Representative incentive payment, within 10 of the deadline to submit an objection;

    (c)    At the Settlement Hearing, California Class Members who have filed timely written objections may be heard orally in support of, or in opposition to, the California Class Settlement; and

    (d)    Class Counsel and counsel for Defendants should be prepared at the hearing to respond to objections filed by California Class Members, if any, and to provide, as appropriate, other information bearing on whether or not the settlement should be approved.

5. In the event that the Effective Date occurs, all California Settlement Class Members will be deemed to have forever released and discharged the California Released Claims, and the Litigation will be dismissed with prejudice.  In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: _____   _____
                                          The Honorable William H. Alsup