CHRIS BAKER (CA Bar No. 181557)
cbaker@bakerlp.com
BAKER CURTIS & SCHWARTZ, P.C.
1 California St., Suite 1250
San Francisco, CA 94111
Tel.: (415) 433-1064; Fax: (415) 366-2525

Attorneys for PLAINTIFF

MALCOLM A. HEINICKE (CA Bar No. 194174)
Malcolm.heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Suite 2700
San Francisco, California 94105
Tel: (415) 512-4000; Fax: (415) 512-4077

Attorneys for DEFENDANTS

[*Additional Counsel Listed Below*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MORRIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY INVESTMENTS, a legal entity of an unknown form, FMR, LLC, a Delaware limited Liability Company, FIDELITY BROKERAGE SERVICES LLC, a Delaware Limited Liability Company (collectively "FIDELITY"),<br><br>Defendants.<br><br>CLASS AND COLLECTIVE ACTIONS | Case No. 3:17-cv-06027-WHA<br><br>**[PROPOSED] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT (EXHIBIT 2)** |

[PROPOSED] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT

**[ADDITIONAL COUNSEL]**

MICHAEL CURTIS (CA Bar No. 252392)
mcurtis@bakerlp.com
1 California St., Suite 1250
San Francisco, CA  94111
San Francisco, CA  94104
Tel.: (415) 433-1064
Fax: (415) 366-2525

Attorneys for PLAINTIFF

MARTIN D. BERN (CA Bar No. 153203)
Martin.bern@mto.com
MARJA-LIISA OVERBECK (CA Bar No. 261707)
mari.overbeck@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Suite 2700
San Francisco, California 94105
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for DEFENDANTS

[PROPOSED] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT

The motion of Plaintiff Adrian Morris ("Plaintiff"), on behalf of herself and all those similarly situated, for an order approving a collective action settlement, came on for hearing on January 24, 2019.  The Court has considered the Stipulation Re: Settlement of Class and Collective Actions (and its exhibits), the submissions of counsel, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefor, the Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class and Collective Actions executed by the Settling Parties and filed with this Court (the "Stipulation");

2. Plaintiff and Fidelity Brokerage Services LLC ("Fidelity Brokerage") and FMR LLC ("FMR") (collectively, "Defendants"), through their counsel of record in the Litigation and per the terms of the Stipulation, have reached an agreement to resolve the Litigation and settle the collective action portion of the case, i.e., the Fair Labor Standards Act of "FLSA" portion of the settlement.

3. Significant investigation and research have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions.  Settlement at this time will avoid substantial costs, delay, and risks that would be presented by further litigation.  The proposed settlement has been reached as a result of serious, informed, and non-collusive negotiations between the parties;

4. Through Docket Entry No. 51, the Court has already conditionally certified the following collective:

> All United States based former and current employees of Fidelity Brokerage Services from May 31, 2015 to the present, who satisfy the following two conditions: (1) Fidelity Brokerage Services classifies(d) them as "non-exempt;" **and** (2)(a) They received student loan repayments pursuant to Fidelity Brokerage's Step Ahead Student Loan Program and worked overtime during the month in which a student loan repayment was made; **and/or** (b) They received fitness reimbursements pursuant to Fidelity Brokerage Services' Fitness Reimbursement Program and worked overtime during the pay period in which the fitness reimbursement was paid.

- 1 -

[PROPOSED] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT

The National FLSA Collective set forth in the Stipulation Re: Settlement of Class and Collective Actions is the same. The Court finds that, for the purpose of approving this settlement only and for no other purpose and with no other effect, in the context of this Settlement, the proposed National FLSA Collective meets the requirements for certification as a collective action class under 29 U.S.C. § 216(b) because a sufficient showing has been made that the National FLSA Collective Members are similarly situated;

5.   Plaintiff also presented to the Court for review a plan to provide a National Notice to the Members of the proposed National FLSA Collective which sets out the terms of the settlement and the National FLSA Collective Members' options including, *inter alia*, their options (i) to refrain from acting and thereby exclude themselves from the National Settlement Class, or (ii) to opt-in to the National FLSA Settlement Collective by cashing checks containing their National Settlement Sum. The National Notice will be mailed to all National Class Members at their Last Known Addresses. The plan regarding National Notices proposed by the Settling Parties is the best practical under the circumstances and satisfies pertinent due process requirements.

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Pursuant to 29 U.S.C. § 216(b), the National FLSA Collective is certified, and the Stipulation of Settlement is approved;

2.   Notice of the National FLSA Collective settlement, and the rights of National FLSA Collective Members to opt-in to the settlement by cashing a check in the amount of their National Settlement Sum, or to refrain from acting and thereby exclude themselves from the settlement, shall be given by mailing of the National Notice by first class mail to each Member of the National FLSA Collective pursuant to the applicable provisions in the Stipulation. Fidelity Brokerage shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

3.   In the event that the Effective Date occurs all FLSA Settlement Collective Members will be deemed to have forever released and discharged the National Released Claims,

and the Litigation will be dismissed with prejudice.  In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: _____     _____
The Honorable William H. Alsup

- 3 -

[PROPOSED] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT