IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MORRIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FIDELITY INVESTMENTS, FMR LLC, and FIDELITY BROKERAGE SERVICES LLC,<br><br>    Defendants. | No. C 17-06027 WHA<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

## INTRODUCTION

In this wage-and-hour class action, plaintiff moves for preliminary approval of a proposed class and collective action settlement. For the reasons below, the motion is **GRANTED**.

## STATEMENT

From 2015 to 2017, plaintiff Adrian Morris worked as a non-exempt financial representative for defendant Fidelity Brokerage Services LLC and participated in the company's quarterly-bonus, student-loan-repayment, and fitness-reimbursement programs. According to plaintiff, defendants Fidelity Brokerage Services and FMR LLC failed to pay her earned overtime wages by miscalculating her regular rate of pay with respect to her "bonus overtime" and by failing to consider compensation paid under these programs when calculating her regular rate of pay for overtime purposes. Accordingly, in February 2018, plaintiff filed an amended complaint asserting claims for unpaid overtime and claims for wage statement violations and

waiting time penalties. Plaintiff also asserted a claim under California's Private Attorneys General Act (Dkt. No. 34).

A June 2018 order dismissed defendant Fidelity Investments from this action but denied FMR's motion to dismiss, finding that the amended complaint alleged sufficient facts to sue FMR as plaintiff's joint employer. Following the parties' stipulation, a June 2018 order certified the following California-based class and a nationwide FLSA collective (Dkt. Nos. 50–51):

> <u>Rule 23 Class</u>: All former and current employees of Fidelity Brokerage Services who, while employed by Fidelity Brokerage Services in California at some point during the period from October 20, 2013 to the present, satisfied the following two conditions: (1) Fidelity Brokerage Services classified them as "non-exempt;" and (2)(a) They were paid bonus compensation pursuant to a Compensation Plan and were also paid a bonus overtime adjustment with respect to that bonus compensation; and/or (b) They received student loan repayments pursuant to Fidelity Brokerage's Step Ahead Student Loan Program and worked overtime during the month in which a student loan repayment was made; and/or (c) They received fitness reimbursements pursuant to Fidelity Brokerage Services' Fitness Reimbursement Program and worked overtime during the pay period in which the fitness reimbursement was paid.
>
> <u>FLSA Collective</u>: All United States based former and current employees of Fidelity Brokerage Services from May 31, 2015 to the present, who satisfy the following two conditions: (1) Fidelity Brokerage Services classifies(d) them as "non-exempt;" and (2)(a) They received student loan repayments pursuant to Fidelity Brokerage's Step Ahead Student Loan Program and worked overtime during the month in which a student loan repayment was made; and/or (b) They received fitness reimbursements pursuant to Fidelity Brokerage Services' Fitness Reimbursement Program and worked overtime during the pay period in which the fitness reimbursement was paid.

Following a settlement conference with Chief Magistrate Judge Spero, the parties reached a settlement of plaintiff's class and collective claims. In December 2018, plaintiff filed an unopposed motion for preliminary approval of the class settlement and for approval of the FLSA settlement. During a January 2019 hearing on the motion, the undersigned distributed a tentative ruling which identified certain flaws in the proposed settlement. The parties, having negotiated a revised settlement to address these issues, filed a supplemental brief describing their changes (Dkt. Nos. 60, 68). This order accordingly follows full briefing and two rounds of oral argument.

**ANALYSIS**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker). Here, the proposed settlement agreement satisfies these requirements.

### 1. BENEFIT TO CLASS MEMBERS.

The proposed settlement agreement establishes a gross settlement fund of $1.2 million, amounting to more than one hundred percent of the $1,071,404 in wages that plaintiff contends is owed to the class and collective. Pursuant to PAGA, a sum of $15,000 will be paid to the California Labor and Workforce Development Agency out of the gross settlement fund. Deductions from the fund will also include any future awards for plaintiff's attorney's fees and litigation expenses, any incentive award, and payments to the claims administrator.

The net settlement fund will be divided into a portion for the class and a portion for the collective. California class members who were still employed by Fidelity at the end of the class period will receive ten percent more than the FLSA collective members and members of the "former employee subclass," which includes members of the California class who were no longer employed by Fidelity at the end of the class period, will receive twelve percent more than the FLSA collective members. This takes into account the higher value of claims released by the class and subclass. Each class member gets a pro rata share of the class portion and each collective member gets a pro rata share of the collective portion. The pro rata distribution will be based on the actual amount of unpaid wages each class and collective member would receive if plaintiff established her claims at trial. If plaintiff is awarded the full $538,711 in deductions she plans to request, the net settlement fund would represent approximately seventy-six percent of recoverable compensatory damages.

The difference between this possible recovery and the gross settlement fund accounts for the avoided risks and costs of continued litigation. This motion follows the parties' exchange of key written and documentary discovery and, as explained in plaintiff's motion, whether or not plaintiff would prevail on her primary claim for overtime wages or succeed in obtaining penalties under California law is far from certain. Moreover, the proposed settlement agreement compels defendants to change their business practices to address the issues raised in this lawsuit. This corrective measure, combined with the monetary payout to the class, falls within the range of possible approval.

### 2. SCOPE OF THE RELEASE.

The proposed settlement agreement defines the class and collective using the same definitions set forth in the class certification order. The proposed settlement agreement releases only claims actually asserted in this action and those seeking relief based on substantially the same recovery. The scope of the class and collective definition and release in the proposed settlement agreement is appropriately tailored and thus falls within the range of possible approval. The proposed settlement's treatment of other pending litigation on behalf of class members also supports preliminary approval. Fidelity is also a defendant in the case *Reynolds et al. v. Fidelity Investments Operations Company, Inc. et al.*, Case No. 1:18-cv-00423 (M.D.N.C.), and the proposed settlement specifically states that neither the class nor the collective release extends to claims in that lawsuit that were beyond the facts alleged here and specifically excludes the primary claim in *Reynolds* for unpaid pre-shift work.

### 3. OTHER CONSIDERATIONS.

Additional factors weigh in favor of granting preliminary approval. Relevant to the question of whether the agreement appears to be "the product of serious, informed, noncollusive negotiations," the parties reached the proposed settlement after attending a settlement conference with Chief Magistrate Judge Joseph Spero. Moreover, the proposed settlement agreement does not require class members to participate in a claims process in order to claim their share of the settlement fund, and amounts in the fund will not revert back to defendants. In the event that any class or collective member does not cash their settlement check after the claims administrator

4

1  goes through the address updating procedures, the claims administrator and Fidelity will
2  re-distribute the funds from any uncashed checks pro rata to currently employed class and
3  collective members through its payroll system. The settlement accordingly has no reserve fund.
4  All funds will be distributed to class and collective members.

### 4. NOTICE.

Under the proposed settlement, Fidelity will provide the claims administrator with the name, last-known address, and social security number of each class and collective member. After the claim administrator undertakes measures to verify and update addresses, it will send the settlement notice via first-class mail. Any mail returned undeliverable will undergo a second round of address verification measures. The claims administrator will also establish a website to provide class members with information about the settlement. The proposed class notice satisfies the requirements of FRCP 23(c)(2)(B) and 23(e)(1), as it clearly describes of the nature of the action, the estimate for each class member's expected recovery, the implications of objecting to the settlement, and the process for opting out of the settlement.

### 5. FLSA COLLECTIVE SETTLEMENT.

Plaintiff also moves for preliminary approval of a settlement of plaintiff's FLSA claims. The FLSA prohibits traditional class actions and authorizes only an opt-in collective action. 29 U.S.C. § 216(b). Because the FLSA "establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract," a proposed FLSA settlement must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527–30 (2013). This order preliminarily finds that the parties have a bona fide dispute regarding overtime wages and that the settlement represents a reasonable compromise of those claims. Although members of the FLSA collective do not have a statutory right to object to the settlement, the parties' revised notice procedure will allow the Court to take into consideration any concerns raised by members of the collective before granting final approval of the settlement.

**CONCLUSION**

The terms of the parties' settlement agreement are hereby **PRELIMINARILY APPROVED** as being fair, reasonable and adequate to the members of the class and collective, subject to further consideration at the final approval hearing. Plaintiff's unopposed motion for preliminary approval of the settlement is **GRANTED**.

The firm of Rust Consulting is hereby **APPOINTED** as claims administrator. Provided that all missing information in the proposed notices is filled out, the proposed forms of notice for the class and collective are **APPROVED**. Fidelity shall provide the claims administrator with the information necessary to conduct the mailing of the notices.

The deadline for filing objections to the settlement is **JULY 18, 2019**. The parties shall respond to any objections to the settlement by **AUGUST 15, 2019**. By **JULY 25, 2019**, plaintiff shall file a motion for final approval of the class and collective settlement. A hearing to consider whether the class settlement and collective settlement should be given final approval is **SET** for **AUGUST 22 AT 11:00 A.M.** Class counsel shall file a motion for an award of attorneys' fees, costs and enhancement award on or before **JULY 11**, also to be heard on **AUGUST 22 AT 11:00 A.M.** The final pretrial conference and trial dates are hereby **VACATED** and will be reset if final approval is not granted.

**IT IS SO ORDERED.**

Dated: February 15, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE