IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADRIAN MORRIS, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

FIDELITY INVESTMENTS, FMR LLC, and FIDELITY BROKERAGE SERVICES LLC,

    Defendants.

No. C 17-06027 WHA

**ORDER RE FINAL APPROVAL AND MOTION FOR ATTORNEY'S FEES, COSTS, AND AN ENHANCEMENT AWARD**

## INTRODUCTION

In this wage-and-hour class action, plaintiff moves for final approval of a class action settlement and FLSA settlement. Class counsel moves for attorney's fees, litigation costs, and an incentive award. Defendants do not oppose. For the reasons below, final approval is **GRANTED**. The motion for attorney's fees, litigation costs, and an incentive award is **GRANTED** to the extent stated below and otherwise **DENIED.**

## STATEMENT

Prior orders set forth the background of this case (*see, e.g.,* Dkt. Nos. 50, 70). In short, plaintiff Adrian Morris worked as a non-exempt financial representative for defendant Fidelity Brokerage Services LLC and participated in the company's quarterly-bonus, student-loan-repayment, and fitness-reimbursement programs. Plaintiff alleges defendants failed to pay her earned overtime wages by miscalculating her regular rate of pay with respect to her "bonus

overtime" and by failing to consider compensation paid under these programs when calculating her regular rate of pay for overtime purposes.

In February 2018, plaintiff filed an amended complaint asserting claims for unpaid overtime and claims for wage statement violations and waiting time penalties. Plaintiff also asserted a claim under California's Private Attorneys General Act (Dkt. No. 34).

A June 2018 order dismissed defendant Fidelity Investments from this action but denied FMR's motion to dismiss, finding that the amended complaint alleged sufficient facts to sue FMR as plaintiff's joint employer. Following the parties' stipulation, a June 2018 order certified a California-based class and a nationwide FLSA collective (Dkt. Nos. 50–51).

Following a settlement conference with Chief Magistrate Judge Spero, the parties reached a settlement of plaintiff's class and collective claims. In December 2018, plaintiff filed an unopposed motion for preliminary approval of the class settlement and for approval of the FLSA settlement. During a January 2019 hearing on the motion, the undersigned distributed a tentative ruling which identified certain flaws in the proposed settlement. The parties, having negotiated a revised settlement to address these issues, filed a supplemental brief describing their changes (Dkt. Nos. 60, 68).

A February 2019 order granted preliminary approval of the class and collective action settlement. The same order approved, as to form and content, a proposed notice concerning the class settlement agreement and final approval hearing (Dkt. No. 70). The settlement administrator mailed notice of the proposed class settlement to 7,530 class members. 413 of these notices were initially returned as undeliverable, but the claims administrator was able to obtain 355 updated addresses and resend the notices. Only three members opted out and no class members have objected to the settlement (Mot. at 7).

Plaintiff now moves for final approval of the class settlement agreement and FLSA settlement agreement. Class counsel moves for an award of attorney's fees, litigation costs, and an incentive award. Defendant does not oppose. This order follows full briefing and oral argument.

**ANALYSIS**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." When a proposed settlement agreement is presented, the district court must perform two tasks: (1) direct notice in a reasonable manner to all class members who would be bound by the proposal, and (2) approve the settlement only after a hearing and on finding that the terms of the agreement are fair, reasonable, and adequate. FRCP 23(e)(1)–(2).

1. **FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

    **A. Adequacy of Notice.**

    The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the proposed class notice provided that the missing information in the notices was filled out (Dkt. No. 70). As described above, the claims administrator has fulfilled the notice plan. This order accordingly finds that notice to class members is adequate.

    **B. Scope of Release.**

    As stated in the motion granting preliminary approval of the proposed settlement, the agreement appropriately defines the class and collective using the same definitions set forth in the class certification order. The proposed settlement agreement releases only claims actually asserted in this action and those seeking relief based on substantially the same recovery.

    Fidelity is also a defendant in the case *Reynolds et al. v. Fidelity Investments Operations Company, Inc. et al.*, Case No. 1:18-cv-00423 (M.D.N.C.), and the proposed settlement specifically states that neither the class nor the collective release extends to claims in that lawsuit that were beyond the facts alleged here and specifically excludes the primary claim in *Reynolds* for unpaid pre-shift work. Accordingly, the scope of the class and collective definition, release,

and treatment of other pending litigation in the proposed settlement agreement is appropriately tailored and approved.

### C. Fairness, Reasonableness, and Adequacy of Proposed Settlement.

A district court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). For the following reasons and for the reasons stated in the order granting preliminary approval of the proposed settlement agreement (Dkt. No. 70), this order finds that the proposed class settlement is fair, reasonable, and adequate under FRCP 23(e).

The gross settlement fund will be more than one hundred percent of the $1,071,404 in wages that plaintiff contends is owed to the class and collective. Pursuant to PAGA, a sum of $15,000 will be paid to the California Labor and Workforce Development Agency out of the gross settlement fund. Furthermore, the class representative and class counsel have adequately represented the class. The parties reached the proposed settlement after nearly two years of litigation and a settlement conference with Chief Magistrate Judge Spero, the scope of the class definition and release in the settlement agreement is appropriately tailored, and no class member has objected to the settlement.

*Second*, the plan of allocation of the settlement proceeds is fair and reasonable. The net settlement after the deduction of expenses and attorney's fees will be distributed on a *pro rata* basis among class members based on the actual amount of unpaid wages each member would receive if plaintiff established her claims at trial. Moreover, the proposed settlement agreement does not require class members to participate in a claims process in order to claim their share of the settlement fund. In the event that any class or collective member does not cash their settlement check after the claims administrator goes through the address updating procedures,

the claims administrator will re-distribute the funds from any uncashed checks pro rata to currently employed class and collective members through its payroll system. The settlement accordingly has no reserve fund. In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, final approval of the proposed class settlement and plan of allocation is **GRANTED**.

### 2. FLSA COLLECTIVE SETTLEMENT.

Plaintiff also moves for final approval of a settlement of plaintiff's FLSA claims. The FLSA prohibits traditional class actions and authorizes only an opt-in collective action. 29 U.S.C. § 216(b). A proposed FLSA settlement must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527–30 (2013). This order finds that the parties have a bona fide dispute regarding overtime wages and that the settlement represents a reasonable compromise of those claims. Defendants have continued to deny liability, and there is thus a distinct possibility that plaintiff would have recovered nothing had she pursued the action through trial. The extent to which the parties had conducted discovery and the experience and views of counsel also weigh in favor of approving the settlement. Furthermore, no class or collective member has objected to the settlement based on the parties' revised notice procedure (Mot. at 7). This order accordingly finds that the proposed settlement is a fair, reasonable, and adequate resolution of plaintiff's FLSA claims and is accordingly **APPROVED**.

### 3. MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARD.

#### A. Expenses.

Class counsel seeks $13,290.79 in litigation costs. The largest component of these expenses is "data expert" ($10,134.50). The next largest component is "travel" ($1,574.03). Counsel also seeks reimbursement for filing fees and service charges ($664.09), postage ($23.01), research ($330.50), and copies ($564.66). These expenses were a reasonable and necessary part of the litigation, and are of a type customarily billed to a fee-paying client. No

class member objected to recovery of these costs. The motion for reimbursement of these costs is **GRANTED**.

### B. Enhancement Award.

Plaintiff requests a $5,000 enhancement award. Generally, a class representative should not get a bonus. In this case, counsel at oral argument represented that the class representative attended the parties' settlement conference and spent approximately 40 hours assisting counsel with the case. As such, the class representative shall be awarded a $500 enhancement award. The motion for an enhancement award is **GRANTED** to the extent stated above.

### C. Attorney's Fees.

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). "In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Our court of appeals has recognized 25 percent of the common fund as a benchmark award for attorney's fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

Class counsel seeks $300,000 in attorney's fees — or 25 percent of the gross settlement fund and approximately 3.7% more than the claimed lodestar (up until July 2, 2019) of $289,101.50. Counsel conducted motion practice and discovery, and engaged in significant settlement negotiations in this case. Moreover, counsel also worked on a contingent-fee basis despite the risks of litigation for approximately two years. All of these factors weigh in favor of an attorney's fees payment in line with our court of appeals' benchmark of 25 percent.

However, in light of the $13,290.79 in expenses and $500 incentive award claimed in this case, the $1.2 million recovery is reduced to a net settlement fund of $1,186,209.21. Such a fee would come out of the pocket of class members. A resulting award of $296,552 representing 25% of the net settlement fund is fair, adequate, and reasonable. The request for attorney's fees is accordingly **GRANTED** in the amount of $296,552. Half of this amount shall be paid after the "effective date" as defined in the settlement agreement. The other half shall be paid when class

6

counsel certify that all funds have been properly distributed and the file can be completely closed.

**CONCLUSION**

For the reasons stated above, final approval of the proposed class settlement is **GRANTED**, approval of the settlement of the FLSA claims is **GRANTED**. Having considered class counsel's motion for attorney's fees, reimbursement of expenses, and an incentive award, the undersigned hereby awards class counsel attorney's fees of $296,552. Half of this amount shall be paid after the "effective date" as defined in the settlement agreement. The other half shall be paid when class counsel certify that all funds have been properly distributed and the file can be completely closed. Class counsel shall also receive $13,290.79 as reimbursement for their litigation expenses, to be immediately paid from the settlement fund. The class representative shall receive a $500 enhancement award to be immediately paid from the settlement fund. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: August 26, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE